UNITED STATES DISTRICT COURT
                              DISTRICT OF MASSACHUSETTS

```
                                    )
MARCUS PERRY,                       )
     Petitioner,                    )
                                    )    Civil Action No.
     v.                             )    11-10279-NMG
                                    )
PETER A. PEPE JR.,                  )
     Respondent.                    )
                                    )
```

                                         **ORDER**

**GORTON, J.**

     For the reasons stated below, the Court denies the petitioner's motion for reconsideration.

     On February 9, 2012, this Court dismissed the habeas petition under 28 U.S.C. § 2254 of Marcus Perry. As explained in the Report and Recommendation adopted by this Court, the petition was a "mixed" petition insofar as Perry had not exhausted his state remedies in regards to two of his claims. Perry took the position that he had exhausted all of his claims at the state level. Neither this Court nor the First Circuit granted a certificate of appealability. This Court also denied his subsequent motion for relief from judgment.

     Now before the Court are Perry's two motions for reconsideration of the denial of his motion for relief from judgment. Perry again argues that he had exhausted his state remedies in regards to all of the claims he asserted in his petition. He represents that, after the denial of his § 2254 petition, he filed another motion for a new trial which included the claims this Court had identified as unexhausted. Perry states that the motion for a new trial was denied by the trial

court, and, on appeal, the Commonwealth's Appeals Court rejected the relevant claims because he had already raised them. The petitioner included a copy of the order of the Appeals Court, in which the court states: "[M]ost of the claims raised in this third pro se appeal are barred by direct estoppel as they have been raised and rejected in previous appeals." Commonwealth v. Perry, App. No. 13-P-1278, Mem. & Order Pursuant to Rule 1:28, at 1 (Mass. App. Ct. Oct. 2, 2014), attached to Docket # 67; also available at 2014 WL 4922606.

For purposes of this order, the Court will assume that Perry raised in state court all of the claims he asserted in his § 2254 petition. However, merely raising a claim somewhere in a state direct appeal or a request for a new trial is not tantamount to exhausting a claim for purposes of 28 U.S.C. § 2254(b)(1)(A). A claim in a § 2254 petition is not exhausted unless the petitioner presents his claim in each appropriate state court," "including a state supreme court with powers of discretionary review." Baldwin v. Reese, 541 U.S. 27, 29 (2004). In Massachusetts, exhaustion requires presentation of the claim in question to the Supreme Judicial Court. Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010). "Even if the SJC declines to grant review . . . the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for leave to obtain further appellate review]." Id.

Here, the Court had already determined that some of Perry's claims had not been presented in his ALOFAR. The more recent

decision of the Massachusetts Appeals Court that he cannot bring these unexhausted claims in state court because they are barred by direct estoppel does not alter the Court's conclusion that Perry had filed a "mixed petition."  Under the doctrine of direct estoppel, a defendant is barred from seeking review of claims "actually litigated" and decided against him.  Commonwealth v. Rodriquez, 443 Mass. 707, 710 (2005).  The term "actually litigated" does not require appeal to the Supreme Judicial Court.  See, e.g., Commonwealth v. Avilez, 85 Mass. App. Ct. 1115, 2014 WL 1583104 (2014).  "The doctrine of direct estoppel applies to issues and claims raised in a motion for a new trial, and prevents the defendant from obtaining a second determination of issues actually litigated and determined in his first motion for a new trial."); cf. O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201 (1998) (trial court judgment "is final and has preclusive effect regardless of the fact that it is on appeal").

Here, Perry has conflated "actually litigated," for purposes of direct estoppel, with the exhaustion requirement of § 2254.  However, the two standards are not identical.  On that basis, the Court DENIES the motions for reconsideration (Docket ## 66, 67).

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: 3/23/16